IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD FRANK,                         :
                                      :
        Petitioner                    :    CIVIL NO. 1:16-CV-02136
                                      :
    vs.                               :
                                      :
MICHAEL CLARK, et al.,                :    (Judge Rambo)
                                      :
        Respondents                   :

## MEMORANDUM

On October 24, 2016, Petitioner, Ronald Frank, an inmate at the State Correctional Institution at Albion, Albion, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Frank paid the $5.00 filing fee.  The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1] For the reasons set forth below Frank's petition will be dismissed as untimely filed.

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

**Factual Background**

In the petition Frank alleges that he was sentenced on August 3, 2010, by the Court of Common Pleas of Cumberland County, Pennsylvania, for involuntary deviate sexual intercourse, statutory sexual assault, indecent assault, corruption of minors, unlawful contact with minors, and patronizing prostitutes, and received an aggregate sentence of imprisonment of 15 to 30 years. (Doc. 1, at 1.) Frank states that he filed a direct appeal to the Pennsylvania Superior Court and that his judgment of conviction and sentence was affirmed by that court on March 25, 2011. (Id. at 2.) Frank had 30 days from the Superior Court's order affirming the judgment of conviction and sentence to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Pa.R.A.P., Rule 1113.  Frank did not file a petition for allowance of appeal with the Supreme Court and the time for doing so expired on Monday, April 25, 2011. (Id.)  A review of the docket of the Court of Common Pleas of Cumberland County and the Pennsylvania Superior Court utilizing Pennsylvania's

Unified Judicial System Web Portal confirms Frank's procedural history.[2] Thereafter, Frank on April 17, 2014, filed in the Cumberland County Court of Common Pleas a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). Frank's present habeas petition raises issues that were available at the time Frank was sentence in 2010 or when his direct appeal was decided on March 25, 2011, by the Superior Court of Pennsylvania.

**Discussion**

There is a one-year statute of limitations for filing a § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a

---

2. Commonwealth of Pennsylvania v. Ronald Frank, CP-21-CR-0002091-2009; Commonwealth of Pennsylvania v. Ronald Frank, 1446 MDA 2010.

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]"  We will first address the question of when Wright's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Frank was sentence on August 3, 2010.  Frank did take a direct appeal which was decided on March 25, 2011, and the time for seeking further review expired on April 25, 2011.  The period of time which elapsed from the deadline of April 25, 2011, for Frank to seek direct review in the Supreme Court until Frank filed his PCRA petition on April 17, 2014, is well in excess of 1 year.  That time is  counted towards the 1-year statute of limitations.  Consequently, Frank's

present habeas petition filed on October 24, 2016, is untimely filed.

An appropriate order will be entered.

        s/Sylvia Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated: December 13, 2016