## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD FRANK,                        :
                                     :
            Petitioner               :        CIVIL NO. 1:16-CV-02136
                                     :
      vs.                            :
                                     :
MICHAEL CLARK, et al.,               :        (Judge Rambo)
                                     :
            Respondents              :

## MEMORANDUM

### Background

On October 24, 2016, Petitioner, Ronald Frank, an inmate at the State Correctional Institution at Albion, Albion, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)  Frank paid the $5.00 filing fee.  On December 13, 2016, the petition was given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 and dismissed as untimely filed.  On December 28, 2016, Frank filed a motion for reconsideration. (Doc. 11.)  For the reasons set forth below the motion will be denied.

### Discussion

A motion for reconsideration is a device of limited utility.  It may be used only to seek

remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of

2

reasoning, but of apprehension." <u>See</u> <u>Rohrbach v. AT & T Nassau Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996), <u>quoting</u> <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. <u>Drysdale v. Woerth</u>, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." <u>Continental Casualty Co. v. Diversified Indus. Inc.</u>, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

The court's reasons for finding that the petition was untimely filed were set forth in a 5-page memorandum and the court incorporates herein by reference those reasons. (Doc. 9.)

As noted in the memorandum Frank was sentence on August 3, 2010.  Frank did take a direct appeal which

was decided on March 25, 2011, and the time for seeking
further review expired on April 25, 2011.  The period of
time which elapsed from the deadline of April 25, 2011,
for Frank to seek direct review in the Supreme Court
until Frank filed his PCRA petition on April 17, 2014,
is well in excess of 1 year.  Frank has presented no
evidence which would justify the delay of almost two
years beyond the one-year statute of limitations before
filing a habeas petition in this court. He does not give
any indication when and how he inquired regarding the
disposition of his direct appeal or an explanation for
his failure to inquire of his attorney regarding that
appeal.  Other than a conclusory allegation that he was
unaware that his direct appeal became final on April 25,
2011, he has offered nothing which would justify the
equitable tolling of the statute of limitations for
almost two years. He clearly has not demonstrated that
he pursued his rights diligently or that some
extraordinary circumstance stood in his way and
prevented him from timely filing a petition with this

court.[1]  Consequently, Frank's habeas petition filed on October 24, 2016, was untimely filed.

Frank has failed to set forth any reasons which would justify the court reconsidering its finding that Frank's petition was untimely filed.  Frank's motion for reconsideration fails to demonstrate that there has been an intervening change in the law, that there is newly discovered evidence, or that there has been a clear error of law or manifest injustice committed.  Thus, the Court finds that its memorandum and order of December 13, 2016,  is not defective because of manifest errors of law or fact and Frank has not presented anything new, which if previously presented, might have affected our

---

1.  The one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period. Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).  In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

decision. Consequently, the motions for reconsideration will be denied.

     An appropriate order will be entered.


           s/Sylvia H. Rambo

          SYLVIA H. RAMBO
          United States District Judge

Dated: March 24, 2017